**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Dolphin Marine Limited,** | § | **Civil Action No. 4:26-cv-5989** |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **Filed under Rule 9(h) Fed. R. Civ. P.** |
| **Echo Marine Shipping Services DMCC,** | § | |
| **Defendant.** | § | **(ADMIRALTY)** |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

Plaintiff Dolphin Marine Limited, by and through its attorneys Blank Rome LLP, and pursuant to Supplemental Admiralty Rules B and E, files this Verified Complaint seeking security in aid of foreign proceedings against Defendant Echo Marine Shipping Services DMCC ("EMSS" or "Defendant"). Specifically, Plaintiff seeks the attachment of the fuel bunkers owned by Defendant and aboard the M/V ARGOS M. In further support thereof, Plaintiff would respectfully show the Court as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The claims against EMSS arise out of tortious conduct in connection with the fraudulent issuance of bills of lading, which is a maritime tort. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. Venue is proper in this District because there is, or will be during the pendency of this action, property belonging to EMSS within or moving through this District – to wit, the bunkers aboard the M/V ARGOS M.

## THE PARTIES

3. Plaintiff Dolphin Marine Limited is a company organized under the laws of Cyprus, with its registered office at 44-50 Emmanuel Roides Str, Kirzis Center, Block A, Office 21, P.O. Box 57291, Limassol, Cyprus.

4. Defendant Echo Marine Shipping Services DMCC is, on information and belief, a company organized under the laws of the United Arab Emirates, with its principal office at Unit 2005, Indigo Icon Tower, Jumeirah Lakes Towers, Cluster F, P.O. Box 9607, Dubai, UAE. EMSS is the time charterer of the vessel M/V ARGOS M (IMO No. 9502788) which is carrying the subject bunkers that are the target of this Rule B attachment action.

## FACTS

### A. Summary of Relief Sought

5. The M/V ARGOS M (IMO No. 9502788) is a Marshall Islands-flagged bulk carrier. The M/V ARGOS M is, on information and belief, under a time charter arrangement between the vessel's owner (or its assigns) and Defendant EMSS. As the time charterer of the vessel, EMSS is responsible for purchasing and supplying the ARGOS M with marine fuel oil, also known as bunkers. On information and belief, the vessel is scheduled to take on approximately 500 metric tons of Very Low Sulphur Fuel Oil ("VLSFO") and 120 metric tons of Low Sulphur Marine Gas Oil ("LSMGO") at the port of Houston, Texas.

6. On information and belief, the M/V ARGOS M is now presently located in or approaching the Southern District of Texas and bound for the port of Houston, Texas, such that

property belonging to EMSS (i.e., the bunkers for the vessel) will therefore be located within the District and within the jurisdiction of this Court during the pendency of this action.

7. As will be set out below, Plaintiff possesses valid maritime claims against Defendant arising from the fraudulent issuance of bills of lading, in the principal amount of at least $1,701,233 plus attorney's fees, interest and costs. Because EMSS is a foreign entity which cannot be found within the District, but which has or will have property located within the district, Plaintiff seeks an order directing the Clerk of the Court to issue Process of Maritime Attachment pursuant to Supplemental Admiralty Rule B attaching the bunkers onboard the M/V ARGOS M, which are owned by Defendant EMSS, in the amount of up to $2,500,000 in order to secure Plaintiff's claims.

**B. The Underlying Dispute**

8. Plaintiff is the disponent owner of the M/V GRACE, having chartered that vessel from the head owners, Tokyo Cement Lanka LLC, under a time charter party dated 25 December 2024. On 3 July 2025, Plaintiff sub-chartered the M/V GRACE to Tradewell Global Shipping Pte Ltd ("Tradewell"), which in turn sub-chartered the vessel to Defendant EMSS under a charterparty also dated 3 July 2025.

9. During the commercial voyage of the M/V GRACE from Khalifa Port, UAE to Antwerp, Belgium, Defendant EMSS caused to be issued a set of bills of lading (numbered EMSS202514D through EMSS202514O) in its own name as carrier, through Polaris Shipping Agencies LLC, without authorization from the vessel's Master, the head owners, or Plaintiff.

10. The Master had issued a Letter of Authority dated 4 August 2025 authorizing Polaris to sign bills of lading on his behalf, subject to express conditions including that the bills be signed "As agent for the Master" and strictly in accordance with the Mate's Receipts. Defendant's



160579.06501/127004439v.1

bills of lading violated these conditions: they named EMSS as the carrier, omitted cargo condition remarks from the Mate's Receipts, and were not signed on behalf of the Master.

11. On 19 September 2025, while the M/V GRACE was discharging at Antwerp, Belgium, cargo interests arrested the vessel in reliance upon Defendant's unauthorized bills of lading. The arrest applications were brought against EMSS as the named carrier on those bills.

12. Despite the arrest being brought against EMSS on the basis of its own bills of lading, Defendant refused to provide security to lift the arrest. The head owners likewise refused to provide security on the basis that the claims were against EMSS, not the head owners.

13. As a result, Plaintiff was compelled to arrange for security in the total amount of approximately USD 660,000 through Letters of Undertaking issued by the head owners' P&I Club (the American Steamship Owners Mutual Protection and Indemnity Association, Inc.) on 13 November 2025, in order to secure the release of the M/V GRACE.

14. As a direct and proximate result of Defendant's tortious conduct in issuing unauthorized and fraudulent bills of lading, Plaintiff has suffered damages in the amount of USD 1,701,233, comprising the value of the security provided, legal and procedural expenses, operational losses from vessel downtime, and hire payable to head owners during the period of detention.

15. Plaintiff has commenced proceedings against Defendant before the Courts of Dubai (Case No. 2026/149696), asserting claims in tort for fraud and seeking damages in the amount of USD 1,701,233.

16. Plaintiff performed all obligations required of it under the charterparty chain, but Defendant's tortious conduct in issuing unauthorized bills of lading caused the arrest of Plaintiff's vessel and the resulting damages.

17. Plaintiff seeks security in aid of its claims pending before the Courts of Dubai.

**COUNT I**
**RULE B RELIEF**

18. Plaintiff restates paragraphs 1 – 17 as if fully set forth herein.

19. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims, including interest, attorney's fees, and costs. No security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

20. At best as can now be estimated, the amount of Plaintiff's principal claim in the Dubai proceedings is $1,701,233.00. Accordingly, as permitted by Rule E, Plaintiff seeks to obtain security via the seizure of Defendant's property in the district up to the value of $2,500,000 (i.e., roughly 150% of the value of Plaintiff's principal claim).

21. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of, *inter alia*, the aforementioned marine bunkers for and/or aboard the M/V ARGOS M.

**PRAYER**

**WHEREFORE**, Plaintiff prays as follows:

A. That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's property aboard the M/V ARGOS M, and

specifically the fuel bunkers for the vessel up to the amount of **$2,500,000.00** to secure Plaintiff's claims that are pending before the Courts of Dubai, UAE, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the U.S. Marshal be directed to serve process upon the master of the M/V ARGOS M, as the vessel has physical custody of the bunkers at issue;

D. That, following attachment, this matter be stayed pending the resolution of proceedings before the Courts of Dubai, UAE, and that this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof;

E. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: July 27, 2026 Houston, Texas Respectfully submitted,

*/s/ Zachary R. Cain*
Keith B. Letourneau
BLANK ROME LLP
State Bar No. 00795893
Federal I.D. No. 20041
Zachary R. Cain
State Bar No. 24078297
Fed. I.D. No. 1829905
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 632-8609
Facsimile: (713) 228-6605
kletourneau@blankrome.com
zcain@blankrome.com

*Attorneys for Plaintiff Dolphin Marine Limited*

William R. Bennett, III*
William.Bennett@blankrome.com
Noe S. Hamra*
Noe.Hamra@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000

** Admission pro hac vice to be filed*

## CERTIFICATE OF SERVICE

This confirms that the U.S. Marshal has been or will be instructed to serve this application along with all other pleadings on the master of the M/V ARGOS M in accordance with the Federal Rules of Civil Rules of Procedure and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims

*/s/ Zachary R. Cain*
Zachary R. Cain



160579.06501/127004439v.1

# VERIFICATION

Pursuant to 28 U.S.C. §1746, Zachary R. Cain, declares under the penalty of perjury:

1. I am a member of the bar of this Honorable Court and an associate attorney with the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by counsel and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made by representatives of the Plaintiff.

5. I have also evaluated whether Defendant Echo Marine Shipping Services DMCC is present within this district for purposes of Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.

6. I have reviewed the Texas Secretary of State database, which reveals no listing, address or resident agent for service of process for Echo Marine Shipping Services DMCC in Texas. As well, I have conducted an internet search and found no listing or address for Echo Marine Shipping Services DMCC within this district. Based upon the foregoing, I conclude that Echo Marine Shipping Services DMCC is not found within this district.

Dated: July 27, 2026

Zachary R. Cain